**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**MICHAEL HAYDEN,**

Plaintiff,

v.

MR. **SHELBY SEARLS,** Superintendent
Huttonsville Correctional Facility, and
**MATTHEW BRISKE, SGT**, Huttonsville
Correctional Center, Also Counselor,

Defendants.

**Civil Action No. 5:23-CV-52**
Judge Bailey

## REPORT AND RECOMMENDATION

### I. Background

On February 21, 2022, the plaintiff, who at the time of filing the Complaint was a state inmate incarcerated at Huttonsville Correctional Center in Huttonsville, West Virginia, filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983.  This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. The Complaint

In the Complaint, plaintiff alleges that defendant Searls, the Superintendent at Huttonsville Correctional Center, violated his constitutional rights by failing to investigate incidents in which plaintiff was denied a shower, hygiene items, and recreational time. [Doc. 1 at 6].  In his second claim, he elaborates on the incidents in question, alleging

that defendant Briske, a correctional officer, denied him the opportunity to shower, have recreation time, and to have hygiene items; plaintiff states that he believes this was due to defendants being racist and abusing their authority. [Id.]. Plaintiff provides additional details through his attached grievance forms, in which he complains of defendant Briske denying him the opportunity to shower and have recreation time on October 5, 2022, and again on October 17–18, 2022. [Doc. 1-2]. Plaintiff alleges that as a result of the defendants actions he had to lie in his cell while dirty and was unable to get needed recreation. [Doc. 1 at 7].

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See Neitzke* at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly

---

[1] *Id.* at 327.

baseless." ***Denton v. Hernandez***, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  *See **Estelle v. Gamble***, 429 U.S. 97, 106 (1976).

## IV. Discussion

**A.     The Complaint should be dismissed against defendant Searles because there is no *respondeat superior* liability under § 1983.**

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  ***Ashcroft v. Iqbal***, 556 U.S. 662, 676 (2009).  "Because vicarious liability is inapplicable to ***Bivens*** and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  ***Id***.  "A ***Bivens*** claim is brought against the individual official for his or her own acts, not the acts of others."  ***Ziglar v. Abassi***, 137 S.Ct. 1843, 1860 (2017).

Supervisory liability under § 1983 is established when three elements are met:

(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

***Shaw v. Stroud***, 13 F.3d 791, 799 (4th Cir. 1994).  The Court further explained that, "[t]o satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff."  ***Id***. at 799 (citing ***Slakan v. Porter***, 737 F.2d 368 (4th Cir. 1984)).

"Constructive notice can be alleged in multiple ways, including the existence of written reports of conditions at a detention facility, or a supervisor's high level of responsibility coupled with the violations alleged to have occurred on her or his watch." *Jones v. Murphy*, 470 F. Supp. 2d 537, 546 (D. Md. 2007). "[I]t has been established that the plaintiff bears a heavy burden of proof which cannot be satisfied by pointing to a single incident or isolated incidents because 'a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his responsibility.'" *Leonard v. Starkey*, No. 1:14-CV-42, 2017 WL 354851, at *8 (N.D. W.Va. Jan. 24, 2017) (quoting *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984)).

Turning to the second element, "[a] plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses'; however, a plaintiff claiming deliberate indifference 'assumes a heavy burden of proof." *Shaw*, 13 F.3d at 799. "Causation is established when the plaintiff demonstrates an "affirmative causal link" between the supervisor's inaction and the harm suffered by the plaintiff." *Id*.

Finally, the third element can be established "when the plaintiff demonstrates an 'affirmative causal link' between the supervisor's inaction and the harm suffered by the plaintiff." *Shaw*, 13 F.3d at 799 (citations omitted). "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." *Shaw*, 13 F.3d at 799.

Here, defendant Searles is not alleged to have been directly involved with the denial of plaintiff's access to showers or recreation time.  Instead, plaintiff alleges that Searles "did not investigate this matter properly He took sides with his staff."  [Doc. 1 at 6]. Plaintiff has not plausibly alleged that Searles was aware of conduct that posed "a pervasive and unreasonable risk" and instead alleges only that Searles did not properly respond to two incident reports which occurred months apart from one another.  As set forth above, plaintiff cannot meet the "heavy burden" of showing a supervisor was aware of a pervasive and unreasonable risk by pointing to "a single incident or isolated incidents," as plaintiff has done here.  *See Leonard*, No. 1:14-CV-42, 2017 WL 354851, at *8 (N.D. W.Va. Jan. 24, 2017).  Accordingly, the claim against Searles should be dismissed.

## B.     The alleged injury is not sufficiently serious to rise to the level of a constitutional violation.

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

*Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254–257 (1978)).  In *Gomez v. Toledo*, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that

5

the person who has deprived him of that right acted under color of state or territorial law.

*Gomez*, 446 U.S. at 640.

"The Eighth Amendment, which prohibits infliction of 'cruel and unusual punishments,' U.S. Const. amend. VIII, applies to claims by prisoners against corrections officials challenging conditions of confinement." *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019), as amended (May 6, 2019) (citation omitted). "Eighth Amendment analysis necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citation omitted). "An injury is sufficiently serious for purposes of the objective component of an Eighth Amendment excessive force claim as long as it rises above the level of de minimus harm." *Id*. (citing *Hudson v. McMillian*, 503 U.S. 1, # (1992)). "This Court has repeatedly stated that when reviewing Eighth Amendment claims, courts must consider the totality of the circumstances." *Mitchell v. Rice*, 954 F.2d 187, 191 (4th Cir. 1992) (citations omitted).

The Fourth Circuit considered whether deprivation of a meaningful opportunity to shower and exercise rose to the level of a violation of the Eighth Amendment in *Rivera v. Mathena*, 795 Fed.Appx. 169 (4th Cir. 2019). In *Rivera*, the plaintiff alleged that he had been–and continued to be–deprived of showers and recreation periods for months, at one point going about eight weeks without a shower. *Id.* at 171. The Court concluded that Rivera had presented evidence which would satisfy the objective component of the Eighth Amendment analysis. *Id*. at 175. However, the Court contrasted the case with

6

*Shakka v. Smith*, 71 F.3d 162 (4th Cir. 1995), in which after feces and urine were thrown into plaintiff's cell, striking plaintiff, he was not allowed to shower for three days.

Here, the undersigned finds that the alleged deprivations are not sufficiently serious to rise to the level of an Eighth Amendment violation.  Plaintiff alleges that defendant Brike denied him a shower, recreation, and hygiene items.  [Doc. 1 at 6].  As set forth in his attached grievance forms, the deprivations involved three days in October 2022: October 5, and two days in a row on October 17–18.  Thus, the worse of the two incidents involved plaintiff going without a shower for two days, and there is no allegation that this was an ongoing or recurring circumstance.  Accordingly, the undersigned finds that the plaintiff has failed to state a claim and the Complaint should be dismissed as frivolous.

### V. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's case be **DISMISSED WITH PREJUDICE** for failure to state a claim and as frivolous and that his pending Motion to State a Claim [**Doc. 8**] be **DENIED AS MOOT**.

The plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**:  May 4, 2023

*/s. James P. Mazzone*

JAMES P. MAZZONE
 UNITED STATES MAGISTRATE JUDGE