IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MICHAEL HAYDEN,**

        Plaintiff,

v.                                                **Civil Action No. 5:23-CV-52**
                                                               Judge Bailey

**MR. SHELBY SEARLES,** Superintendent
Huttonsville Correctional Facility and
**MATTHEW BRISKE, SGT,** Huttonsville
Correctional Center, also Counselor,

        Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The above referenced case is before this Court upon the magistrate judge's recommendation that plaintiff's case be dismissed with prejudice for failure to state a claim and as frivolous.  *See* [Doc. 12].  Moreover, Magistrate Judge Mazzone recommends that plaintiff's pending Motion to State a Claim [Doc. 8] be denied as moot.

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report.  28 U.S.C. § 636(b)(1).  However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge.  **Thomas v. Arn**, 474 U.S. 140 (1985).  Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C.

1

§ 636(b)(1) waives the right to raise those objections at the appellate court level. ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984). Plaintiff filed a document/letter on May 25, 2023, stating:

> On Oct.5, Oct. 17th & Oct. 18 my constitutional rights were violated by Sgt. Brisk by denied me a shower & outside rec.
>
> To state a claim I am asking the court to award me $50,000.00 as a settlement in my case.

[Doc. 14].

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." ***Green v. Rubenstein***, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." ***Williams v. New York State Div. of Parole***, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See* ***Mario v. P & C Food Markets, Inc.***, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." ***Mario***, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules,

"referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id*.; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

Plaintiff filed a vague document/letter that does not object generally or conclusory to Magistrate Judge Mazzone's Report and Recommendation. Thus, plaintiff waives any objection to the Report and Recommendation.

Accordingly, the magistrate judge's report and recommendation [**Doc. 12**] is **ADOPTED** and insofar as plaintiff's document/letter are objections, the objections [**Doc. 14**] are **OVERRULED**. Plaintiff's case is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim and as frivolous. Plaintiff's Motion to State a Claim and Remedy Sought by Plaintiff Against the Defendant Mr. Shelby Searles & Sgt. Brisk [**Doc. 8**] is **DENIED AS MOOT**. This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** May 30, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE